**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 07-5050**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

JOHN WILLIAM PICKENS,

        Defendant – Appellant.

───────────

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.   Irene M. Keeley, District Judge.  (1:07-cr-00032-IMK-1)

───────────

Submitted:  September 26, 2008    Decided:  October 6, 2008

───────────

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

L. Richard Walker, Assistant Federal Public Defender, Clarksburg, West Virginia, for Appellant.  Sharon L. Potter, United States Attorney, Zelda E. Wesley, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, John William Pickens was convicted of possession of firearms by a convicted felon, in violation of 18 U.S.C.A. §§ 922(g)(1), 924(a)(2) (West 2000 & Supp. 2008). The district court sentenced Pickens to fifty-five months in prison. Pickens timely appeals, challenging the district court's denial of his motion to suppress the firearms seized during a warrantless search of his home. We affirm.

Pickens asserts that the district court erred by denying his motion to suppress the rifles seized from his trailer, claiming he had a reasonable expectation of privacy in his residence and that the district court erroneously concluded that he consented to the search. The factual findings underlying a motion to suppress are reviewed for clear error, while the legal determinations are reviewed de novo. United States v. Wilson, 484 F.3d 267, 280 (4th Cir. 2007) (citing Ornelas v. United States, 517 U.S. 690, 699 (1996)). When the district court denies a suppression motion, this court reviews the evidence in the light most favorable to the Government. United States v. Uzenski, 434 F.3d 690, 704 (4th Cir. 2006).

The Fourth Amendment prohibits unreasonable searches; a warrantless search is per se unreasonable unless it falls within a valid exception to the warrant requirement. Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973). Voluntary

2

consent to a search is such an exception. <u>Ferguson v. City of Charleston</u>, 308 F.3d 380, 396 (4th Cir. 2002).

In addition, individuals under supervision have diminished rights under the Fourth Amendment. <u>United States v. Reyes</u>, 283 F.3d 446, 458 (2d Cir. 2002). For example, a probation officer's warrantless visit to the home of a convicted person serving a term of supervised release does not violate the Fourth Amendment, even absent consent. <u>Griffin v. Wisconsin</u>, 483 U.S. 868, 878 (1987).

The Supreme Court addressed the diminished rights accorded individuals under court supervision in <u>United States v. Knights</u>, 534 U.S. 112, 120-21 (2001). In <u>Knights</u>, a police officer conducted a warrantless search of a defendant he knew was on probation. The defendant had agreed to warrantless searches of his home by probation officers as a condition of his release. Without deciding whether such prior consent constituted a complete waiver of the defendant's Fourth Amendment rights, <u>id.</u> at 118, the Supreme Court found that the search was valid because the defendant had a diminished right to privacy based on his status as a probationer and the officers had reasonable suspicion that Knights was engaging in criminal activity. <u>Id.</u> at 120-21.

The Supreme Court visited the issue of a parolee's Fourth Amendment rights in <u>Samson v. California</u>, 547 U.S. 843

3

(2006), examining "whether a condition of release can so diminish or eliminate a released prisoner's reasonable expectation of privacy that a suspicionless search by a law enforcement officer would not offend the Fourth Amendment." Id. at 847. In upholding the suspicionless search of a parolee on a public street, the Court noted that parole was "an established variation on imprisonment," id. at 852, and that "parolees have fewer expectations of privacy than probationers, because parole is more akin to imprisonment than probation is to imprisonment." Id. at 850. The Court examined the totality of the circumstances, balancing the degree to which the search intruded upon the parolee's diminished expectation of privacy against the Government's "overwhelming interest" in supervising parolees to prevent recidivism and promote reintegration into society. Id. at 848-54. The Court noted that the parolee was aware of the California law conditioning release on the parolee's consent to warrantless searches as indicated by his signature on an order submitting to the condition. Id. at 852. Under the totality of the circumstances, the Court held that a suspicionless, warrantless search of the parolee did not violate the Fourth Amendment. Id. at 857.

With these principles in mind, we find that the warrantless search of Pickens' trailer did not violate the Fourth Amendment. Like the parolee in Sampson, Pickens had

4

signed a parole agreement acknowledging he would comply with all rules and regulations prescribed by the Commissioner of the West Virginia Division of Corrections. Pickens signed a copy of the rules and regulations which included the provisions requiring him to permit his parole officer to visit his residence without obstruction and to submit to a warrantless search of his person and home for supervision purposes at any time. Under the totality of the circumstances, considering Pickens' undisputed awareness of the parole rules and regulations requiring him to submit to a warrantless search and his agreement to abide by these provisions as a condition of parole, and balancing Pickens' diminished expectation of privacy by virtue of his status as a parolee against the State's legitimate interest in supervising parolees, we conclude that the warrantless search of Pickens' home did not violate the Fourth Amendment.

For these reasons, we affirm Pickens' conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5